IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMEKIA MONTGOMERY, as parent and natural guardian of S.A.J. and B.A.J., minors, and as Administratrix of the Estate of Shannon Jones, deceased; CHELSEA BEARD, as parent and natural guardian of C.Q.B., a minor; XZAVERIA JONES; and SHOLANDA NEWTON, as parent and natural guardian of S.J., a minor, | : : : : : : : : : : : : |
| Plaintiffs, | : : |
| v. | : : |
| GL&V USA, INC., | : CIVIL ACTION NO. : 1:15-cv-3026-AT : |
| Defendant. | : |

## ORDER

This matter is before the Court on the Parties' Joint Motion for Protective Order [Doc. 22] which includes provisions dealing with the filing of material designated as confidential on the Court's docket. The motion is **GRANTED** and the protective order is **APPROVED SUBJECT TO THE PROVISIONS OF THIS ORDER**.

**I. LEGAL STANDARDS GOVERNING PUBLIC ACCESS TO JUDICIAL PROCEEDINGS**

In this Court, confidentiality of proceedings is the exception, not the rule. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests."). Rule 26 allows a court to enter a protective order rendering documents or portions thereof unavailable to the public after a showing of good cause. Good cause is determined by balancing the public's "interest in obtaining access" against the "party's interest in keeping the information confidential." *Id.* at 1315; *see also In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002) (quotation and citation omitted) (stating that "even where no third party challenges a protective order, the judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)").

As indicated in the Court's guidelines and explained by multiple courts, mere agreement by the parties that documents should be designated as confidential does not automatically satisfy the Rule 26(c) good cause standard. *See* (Doc. 6 at 21); *Chicago Tribune*, 263 F.3d at 1313; *CBS*, 184 F. Supp. 2d at 1362 (N.D. Ga. 2002) ("calling a document confidential does not make it so in the eyes of the court; these consensual protective orders merely delay the inevitable

moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'"). Good cause will generally only be established where the materials (e.g., documents or testimony) contain trade secrets, personal identifying information, sensitive commercial information, where public disclosure of information would result in "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Where a party satisfies the good cause standard for sealing from public access confidential information and material filed in a case, the party is also entitled to the protection from public disclosure of such information being quoted verbatim in the pleadings, motions, and briefs filed with the Court. As noted in the Court's guidelines, however, the "mere reference or discussion of confidential information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Court is only interested in sealing (or filing in a redacted format) very specific portions of documents that contain or refer to confidential information." (Doc. 4 at 21); *see also Romero v. Drummond Co.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access . . . . A motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access.") (internal quotations and citations omitted).

## II.   PROCEDURE FOR REQUESTING SEALING OF "CONFIDENTIAL" INFORMATION

Consistent with these principles discussed above, the Court will require the parties to follow the following procedure for requesting the sealing of confidential material filed on the Court's docket:[1]

> Any Party seeking to file Confidential Information with the Court, not already covered by the Court's Standing Order 04-02 regarding sensitive information and public access to electronic case files, shall be mindful that there is a presumption that any information filed with the Court is a matter of public record and, absent Court order, shall not be filed under seal.
>
> The Party who intends to file Confidential Information will give to the other Party no less than five (5) calendar days' written notice of the intent to file the Confidential Information.  The other Party shall respond promptly to inform the Party seeking to file Confidential Information whether it consents/maintains the Confidential Information be filed under seal.
>
> The Parties shall confer in an effort to minimize the volume of information sought to be filed under seal.
>
> If the Parties agree that certain information should be filed under seal, the Parties shall present a joint motion requesting the Court to allow the information to be filed under seal, demonstrating good cause under Fed. R. Civ. P. 26(c).  If the Parties are unable to reach an agreement regarding what information should be sealed then in that event, the Party who maintains that the information must be filed under seal shall, within five (5) calendar days of the impasse, present a sufficiently supported motion under Rule 26(c) requesting the Court to allow the information to be filed under seal.  The opposing Party shall set forth in a separate section of the moving Party's motion, the Party's specific objections to the sealing of the information (i.e. why the information does not meet the good cause standard under rule 26(c)).

---

[1] The Court notes that this is a modification of the procedure required as previously set forth in the Court's guidelines.  (Doc. 4 at 21).

> Motions to seal shall be presented directly to Judge Totenberg's chambers, and should not be filed on the docket. Motions to seal shall be accompanied by: (1) an unredacted hard copy of the designated material(s) formatted as set forth below; and (2) a flash drive containing an electronic copy of the designated materials in the format the Party wishes to be filed in the event the Court grants the motion. As an aid to the Court, the unredacted hard copy must be tabbed, marking each section for which continued protection is being requested, so the Court can easily review and determine if continued protection will be granted. Information that is the subject of the motion to file under seal shall maintain its confidential status pending ruling of the Court.
>
> The Party shall also indicate by entry of a "notice" on the CM/ECF docket that a motion to seal has been presented to the chambers.

The Court will then review the material in camera and make a decision whether to grant or deny the motion to seal. If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and accompanying materials to the Clerk of the Court for entry of the motion on the CM/ECF docket and appropriate filing of the sealed materials. If the Court determines that the motion is to be denied, then the Court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal.

As indicated above, where a document contains material that is deemed confidential and subject to protection from public disclosure under Rule 26(c), but the entire contents of the document are not confidential, the Parties will be entitled to redact only those portions of the document deemed confidential and will be required to file a redacted version of the document with the Court. The Court cautions that only in rare instances will it be appropriate to seal an entire

document from public access. Thus, pleadings, motions, or briefs which mention or reference a document containing confidential information, without disclosing the nature or contents of the protected information, shall not be sealed or filed in a redacted format. Where it is necessary for the Parties to quote or disclose protected confidential information in pleadings, motions, or briefs, the Parties shall file redacted versions of their pleadings, motions, or briefs.

### III.   CONCLUSION

The Parties' Joint Motion for Protective Order [Doc. 22] is **GRANTED** and the protective order is **APPROVED SUBJECT TO THE PROVISIONS OF THIS ORDER**.

**IT IS SO ORDERED** this 11th day of December, 2015.

_____
**Amy Totenberg
United States District Judge**